EL PUEBLO, APELADO, *v.* MENÉNDEZ, APELANTE.

APELACIÓN procedente de la Corte de Distrito de Arecibo.

No. 596.—Resuelto en abril 16, 1913.

DRECHO PENAL—ELECCIONES—INSCRIPCIÓN—RESIDENCIA DE UN MAESTRO RURAL.—
Cuando un maestro rural que vive en un pueblo en una casa alquilada en donde también viven su madre y sus hermanas, en donde guarda su baúl y su ropa, por el mero hecho de ir a enseñar en una escuela rural en otro distrito durante cinco días de la semana, regresando a su casa el viernes por la noche hasta el lunes, no pierde su residencia, sino que continúa siendo elector del distrito donde vive.

ID.—DORMITORIO FIJO—MAESTRO RURAL.—Los preceptos de la sección 16 de la Ley de Elecciones de marzo 8, 1906, no son aplicables a este caso.

Los hechos están expresados en la opinión.
Abogado del apelante: *Sr. Antonio Trujillo.*
Abogado del Pueblo: *Sr. Charles E. Foote, Fiscal.*

EL JUEZ ASOCIADO SR. MACLEARY, emitió la opinión del tribunal.

Se inició este caso en la Corte Municipal de Manatí a virtud de una denuncia jurada en 19 de abril de 1912, en la que se acusaba a Rafael Menéndez Olmo de haber infringido el artículo 162 del Código Penal, incurriendo así en un delito de *misdemeanor*. Se ha alegado que el acusado, a principios del mes de julio de 1912 y en el precinto electoral de Manatí, voluntariamente y a sabiendas hizo que su nombre se inscribiera como elector en la lista de votantes, sabiendo que no tenía derecho a ello porque no había residido en dicho distrito electoral durante un año, con antelación al día 5 de noviembre de 1912, pues se encontraba en el ejercicio de sus obligaciones diarias en el precinto de Ciales. Habiendo sido declarado culpable en la corte municipal apeló a la Corte de Distrito de Arecibo, en donde se celebró el juicio el día 6 de diciembre último, cuya corte después de examinar y considerar la prueba presentada, así como los artículos 15 y 16 de la ley sobre inscripción de electores, declaró a dicho acusado Rafael Menéndez Olmo culpable del delito prohibido en el artículo 162 del Codigo Penal y lo condenó a pagar una multa de $50, o en su defecto a ser encarcelado de acuerdo con la ley y al pago de las costas, ordenando además que se anulara su inscripción como votante que había sido inscrito. El acusado interpuso apelación contra esta sentencia por medio de su abogado, y los autos han sido elevados a este tribunal para ser considerados y revisados.

El apelante alega que se han cometido tres errores con respecto a la admisión de la prueba y por haberse negado la corte a ordenar que ciertas manifestaciones fuesen eliminadas de los autos. No es necesario tomar en consideración estos errores en todo su detalle, pues la resolución de este caso gira sobre los hechos. Aparece de los hechos del caso, que el acusado ha vivido siempre en Manatí y que hace pocos años fué nombrado profesor de las escuelas públicas, designándosele para las escuelas rurales en diferentes partes: primero en

Manatí, luego en Barceloneta, y despúes en Ciales, pero que vivía en la casa de su madre y hermana que tenían alquilada en el pueblo de Manatí, y que durante doce meses anteriores al día de la elección acostumbraba ir a su escuela el lunes por la mañana y quedarse en la vecindad de la misma hasta el viernes por la noche, cuando volvía a Manatí, pasando las noches del viernes, sábado y domingo en su casa con su madre y hermana y volviendo al trabajo de nuevo el lunes por la mañana. Guardaba su baúl y ropas en su casa en Manatí y tenía la costumbre de afeitarse en una barbería de ese pueblo todos los sábados. En resumen, resulta que su domicilio fué siempre en Manatí y que nunca mostró intención alguna o deseo de cambiarlo, lo que en realidad no hizo a menos que el empleo que tenía como profesor en un precinto vecino que estaba a una distancia de algunas millas constituyera, *ipso facto,* dicho cambio de domicilio. No lo entendemos así. Tomando en consideración todos los hechos de este caso creemos que el apelante es un residente *bona fide* de Manatí y que el mero hecho de ir a un precinto vecino con el fin de obtener sus medios de subsistencia diaria y tener a la vez que atender a sus gastos de casa y los de su madre y hermana a quienes sostenía en una casa que tenía alquilada, no altera en manera alguna su condición de vecino residente del pueblo de Manatí.

Si bien el apelante dormía durante algunas noches de la semana en la demarcación de Ciales, sin embargo, no es bastante para llegar a la conclusión de que no tenía dormitorio fijo, siendo éste el de Manatí, y, por tanto, no es de aplicación la regla contenida en la Sección 16 de la ley para proveer lo necesario para inscripciones y elecciones, aprobada en 1906 y vigente aun en este extremo, para que cuando un soltero no tenga dormitorio fijo, se considere como su domicilio aquel donde desempeñe sus ocupaciones cuotidianas. Tampoco el hecho de que el acusado casualmente dijera que él prefería votar en Manatí donde su voto podía valer más que en Ciales, es bastante, atendidas todas las circunstancias concurrentes

del caso, para poder deducir una intención criminal por parte del acusado.

Y habiendo los hechos ocurridos de tal modo no debió habérsele declarado culpable ni ordenado que su nombre fuera eliminado de la lista de electores. Por tanto, la sentencia dictada contra el acusado por la Corte de Distrito de Arecibo, el día 6 de diciembre de 1912, condenándole a pagar una multa y eliminando su nombre de la lista de electores, debe ser revocada y anulada, y en su lugar dictarse otra por este tribunal absolviéndole del delito que se le imputó y ordenándose que se incluya su nombre de nuevo en la lista de electores.

*Revocada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, del Toro y Aldrey.